UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00082-LLK

JEFFERY E. SMITH											PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security						DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 18 and 23. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's four arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

First, Plaintiff argues that the ALJ erred in finding his degenerative disc disease does not satisfy the medical criteria of Listing 1.04(A) of Appendix 1 of the regulation (the "medical-vocational guidelines") because, according to the ALJ, "the evidence fails to demonstrate compromise of a nerve root or the spinal cord with evidence of (A) nerve root compression, (B) spinal arachnoiditis, or (C) lumbar spinal stenosis resulting in pseudoclaudication." [DN 18 at 2 referencing Administrative Record ("AR") at 19]. The ALJ's finding corresponds to subsections (A), (B), and (C) of Listing 1.04. Plaintiff, however, challenges only the ALJ's findings with respect to Listing 1.04(A).

Listing 1.04(A) provides that the following disorder of the spine is per-se disabling:

> 1.04. Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Listing 1.04(A).

Plaintiff carries the burden of proving that the clinical criteria of a listed impairment are satisfied, and this burden is construed strictly because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor).  *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Plaintiff does arguably show that he suffers from "nerve root compression" as contemplated by Listing 1.04(A).  *See* Plaintiff's fact and law summary, DN 18 at 3 referencing AR at 533 (July 2018 MRI showing disc bulging with "right protrusion approaching the right L5 nerve root within the right lateral recess"); DN 18 at 3 referencing AR at 435 (April 2016 MRI showing disc bulging with "question[able] mass effect on the right L4 and possibly left L4 nerve roots"); DN 18 at 3 referencing AR at 415 (February 2016 CT scan showing disc bulging with "mass effect on the right L5 nerve root").  However, Plaintiff identifies no page reference to the administrative record showing the existence of "neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and … positive straight-leg raising test (sitting and supine)."[1]  The Court declines to search (on its own initiative) 592 pages of the administrative record in

---

[1] A simple word-search of Plaintiff's fact and law summary reveals no reference to any "distribution," "motion," "motor" or "sensory" loss (besides simply quoting Listing 1.04(A)).  Plaintiff does state that "reflex loss is evidenced

search of clinical evidence supporting Plaintiff's Listing 1.04(A) argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

Second, Plaintiff argues that the ALJ's finding that he "requires a sit/stand option at 30 to 60 minute intervals taking one to two minutes while remaining at the workstation" is impermissibly "vague." [DN 18 at 5, 8 reverencing AR at 19]. Admittedly, this finding (taken out of the context of the administrative record as a whole) is subject to multiple interpretations. However, the controlling vocational hypothetical presented at the administrative hearing contemplated that Plaintiff, "in an 8-hour span can sit up to 6 of 8 hours; can stand and/or walk up to 6 of the 8 hours; however, [Plaintiff] would require the ability at 30 or 60-minute intervals to change positions and say taking no more than 1 to 2 minutes without leaving the workspace." [AR at 69]. In follow-up questioning, the vocational expert (VE) stated that he understood the hypothetical to include a "need to alternate the sitting and standing every 30 to 60 minutes." [AR at 70]. Plaintiff has not shown that his impairments preclude alternative sitting-standing every 30 to 60 minutes. Therefore, while the ALJ's finding may have been imperfect, substantial evidence supported the ALJ's ultimate finding of lack of disability. *See Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2010) (Vocational testimony in response to a hypothetical that accurately portrays a plaintiff's limitations serves as substantial evidence supporting the ALJ's denial decision.)

Third, Plaintiff argues the ALJ's decision does not "give valid reasons for rejecting" the opinion of one-time examining source, Edgar Lopez-Suescum, M.D." [DN 18 at 5]. In July 2016, Dr. Lopez-Suescum

---

by decreased right leg strength in 2017." [DN 18 at 3 referencing AR at 493, 523]. However, Plaintiff cites no authority for the suggestion that "reflex" loss is the same thing as "strength" loss for purposes of Listing 1.04(A). Additionally, Plaintiff does state (incoherently) that "[l]eft straight leg raising was positive in the right leg as well." [DN 18 at 3 referencing AR at 381, 463]. However, there is no indication that any straight-leg raising was positive "sitting and supine."

3

examined Plaintiff at the request of the Commissioner and issued a narrative report. [AR at 400-02]. In his concluding summary, Dr. Lopez-Suescum stated that:

> [Plaintiff] is a 46-year-old man with the findings mentioned above. He does not need ambulation assistive devices. He should be able to lift, carry 10-12 pounds, carrying for at least 15-20 yards.[2] He is able to take care of his personal needs in the gross and fine manipulation point of view. Normal proprioception, normal stereognosis, normal hearing and speaking. He is able to go from the sitting to standing position with a moderate amount of difficulty on account of the lumbar pain aggravated by his excessive weightbearing.

The ALJ characterized this summary as "somewhat vague and [as] appear[ing] to restate part of [Plaintiff's] subjective report of limitation." [AR at 22]. The ALJ still gave it "some weight to the extent it supports" the ALJ's finding that Plaintiff can perform a limited range of light work with a sit-stand option. [AR at 22, 19]. Plaintiff has failed to show that the ALJ's weighing of Dr. Lopez-Suescum's opinion rose to the level of reversible error.

Fourth, Plaintiff argues that the ALJ erred in "failing to acknowledge or weigh" the opinion of his treating neuroscience advanced practice registered nurse (APRN) Kim Haynes. [DN 18 at 6]. The argument lacks a factual basis and is without merit. In August 2017, APRN Haynes completed a checkbox physical capacities evaluation form in a manner that, if accepted, would preclude all work. [AR at 518-19]. For example, APRN Haynes found that, in an eight-hour workday, Plaintiff can sit for less than 30 minutes, can stand for less than 30 minutes, and walk for less than 30 minutes – which would not allow for eight hours of work-like activities. [AR at 518]. APRN Haynes provided no clinical basis for these extreme, disabling limitations. [*Id.*]. The ALJ gave APRN Haynes' opinion "little weight" because the limitations assessed, which would not allow performance of "even sedentary work," are "inconsistent with the objective examination findings," e.g., Plaintiff "displayed normal gait and 5/5 motor strength at visits before and after the assessment." [AR at 21]. Additionally, as occurred in this case, an ALJ "may

---

[2] To the extent Plaintiff's argument is that Dr. Lopez-Suescum found that he can "only" lift and carry up to 12 pounds for 20 yards, Plaintiff is reading limitations into the finding that are not there and that are at odds with Dr. Lopez-Suecum's own observation that Plaintiff has 5/5 grip strength and motor strength in his upper and lower extremities. [AR at 401].

properly give little weight to a treating [source's] check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016) (internal quotation eliminated).

## ORDER

Because the ALJ's decision is supported by substantial evidence and Plaintiff's four arguments are unpersuasive, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

April 27, 2020

Lanny King, Magistrate Judge
United States District Court